**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Dale WEBB, Defendant–
Appellant.**

**No. 01–5255.**

United States Court of Appeals,
Sixth Circuit.

Sept. 12, 2003.

Victor L. Ivy, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, TN, for Plaintiff–Appellee.

M. Dianne Smothers, Asst. FP Defender, Office of the Federal Public Defender, Memphis, TN, for Defendant–Appellant.

Before KRUPANSKY, and BOGGS, Circuit Judges; and HOOD, District Judge.*

PER CURIAM.

Richard Dale Webb appeals the sentence imposed upon him after his guilty plea to possession, with intent to distribute, of 50 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 18 U.S.C. § 841(a)(1). The only issue on appeal is the weight of the material for which Webb should be responsible. If that amount is more than 350 grams, the court correctly sentenced Webb within a range of 70 to 87 months, in fact sentencing him to 74 months. If the weight of the substance for which he should be responsible is less than 350 grams, the applicable sentencing range would be 57 to 71 months, and his sentence would therefore fall outside that range. Webb did not object to the weight computation during sentencing. We find neither

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

clear error nor plain error in the district court's determination and we affirm.

## I.

When Webb was arrested, a jar containing a brownish/tan substance was found, which initial laboratory analysis found to weigh 392.2 grams. After various tests were performed to confirm that the substance contained methamphetamine, and after the substance had been allowed to sit and aerate for a week, the remaining substance was found to weight 308 grams. Webb contends that it is the latter amount that should be used. The district court found as a fact that the original weighing was accurate, and that the substance weighed was a "mixture containing methamphetamine." Standing alone, this would be more than enough to uphold the district court's judgment.

In addition, at the sentencing hearing, Webb challenged only the gross weight of the substance. On appeal, Webb brings the new argument that the entire substance contained in the jar should not be counted as methamphetamine, but only some of it should be counted. He argues that the substance was not a mixture containing methamphetamine, but rather such a mixture combined with "various poisonous and non-ingestible elements." For this proposition Webb relies on our case of *United States v. Jennings*, 945 F.2d 129, 137 (6th Cir.1991).

As this argument was not raised below, it must meet the plain error standard of Fed.R.Crim.P. 52. This case provides a very good example of the reason for the rule. Had this issue been raised below, testimony could have been taken and a decision rendered specifically addressing our rule in *Jennings*. Instead, the district judge was not apprised of the argument, or the case, and thus the *Jennings* issue was not presented in any way. We can thus rule in Webb's favor only if this case comes so clearly within the rule of *Jennings* that it was plain error for the court not have to noted it on its own motion.

We have no trouble ruling to the contrary. In *Jennings*, the mixture that was seized was, on defendant's view of the evidence, clearly in the process of manufacturing. The substance was in a cooking pot and "contained only a small amount of methamphetamine mixed together with poisonous un-reacted chemicals and by-products...." *Ibid.* At this stage of the manufacturing process, the defendants ... were attempting to distill methamphetamine from the otherwise uningestible by-products of its manufacture." *Ibid.* In our case, by contrast, there was no cooking process going on. The substance was now contained in a jar suitable for further distribution. Further, there is no chemical or other analysis that would bear on the question of whether the "manufacturing" process was in fact complete. The most that Webb can argue is that there was an ammonia smell, characterized either as "reeking" or "some ammonia smell." There is no indication that finished methamphetamine, especially if of a low purity level, does not still smell of ammonia. Under these circumstances, the district court did not commit plain error, and we AFFIRM its judgment and sentence.